UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
SAUDY GUERRERO,                             :
                Petitioner,        :        **<u>MEMORANDUM OPINION</u>**
                               :        **<u>AND ORDER</u>**
v.                                          :
                               :        20 CV 4130 (VB)
UNITED STATES OF AMERICA,                   :        S11 14 CR 768-9 (VB)
                   Respondent.         :
--------------------------------------------------------x

<u>Briccetti, J.</u>:

      Petitioner Saudy Guerrero, proceeding <u>pro se</u>, moves pursuant to 28 U.S.C. § 2255 to

vacate, set aside or correct his sentence.  Liberally construed, his claims can fairly be

summarized as follows:

      1.  His conviction under 18 U.S.C. § 924(c)(1)(A)(iii) for using and carrying firearms

during and in relation to a crime of violence and a drug trafficking crime should be vacated in

light of the Supreme Court's decision in <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019); and

      2.  His attorney was constitutionally ineffective for:

          (a) failing to file a notice of appeal,

          (b) erroneously advising Guerrero to plead guilty to an offense—racketeering

conspiracy—with which he was not charged,

          (c) allowing Guerrero to plead guilty to a drug trafficking crime for which there

was an insufficient factual basis,

          (d) failing to move to dismiss the firearms count as duplicitous,

          (e) allowing Guerrero to be sentenced based in part on his role in a murder he did

not commit; and

          (f) failing to request that the sentence be imposed pursuant to <u>Dean v.</u>

<u>United States</u>, 137 S. Ct. 1170 (2017).

For the following reasons, the motion is DENIED.

## BACKGROUND

The relevant facts are as follows:  Guerrero was a member of a street gang in Yonkers that engaged in various violent crimes and drug trafficking.  To carry out those crimes, gang members used, carried, and possessed firearms.

On October 4, 2017, Guerrero waived indictment and pleaded guilty to all three counts of a superseding information (the "S11 Information")—specifically, conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (Count One); conspiracy to distribute and possess with intent to distribute a controlled substance, namely cocaine and marijuana, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B), and 841(b)(1)(C) (Count Two); and using, carrying, and possessing firearms in furtherance of both the racketeering conspiracy and the narcotics conspiracy, which firearms were discharged, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (Count Three).

Prior to pleading guilty, Guerrero entered into a plea agreement with the government that described the three offenses to which he was pleading guilty, and specified the underlying racketeering activity for which he was being held responsible, including the murder of Andre Folsom and the sale of more than 500 grams of cocaine and an unspecified amount of marijuana. Like the S11 Information, the plea agreement specifically described the firearms count (Count Three) as alleging that Guerrero's use of firearms occurred during and in relation to a crime of violence (the racketeering conspiracy charged in Count One) and a drug trafficking crime (the drug conspiracy charged in Count Two).

At the guilty plea proceeding, the government proffered that if the case went to trial, the government would prove that Guerrero and other members of the gang, as part of their membership in the gang, committed and agreed to commit multiple robberies and shootings, and trafficked in cocaine and marijuana; and that Guerrero, in his role as an enforcer for the gang, fired guns in furtherance of the gang's objectives and specifically to facilitate its drug trafficking activities.  When asked whether what the prosecutor said was substantially accurate, Guerrero said it was.  (Plea Tr. 31-33).[1]  Guerrero further admitted that he agreed with others to participate in the gang's activities, that as part of those activities he participated in a number of robberies and shootings, and that he agreed with others to distribute marijuana and more than 500 grams of cocaine.  He also admitted that guns were used to rob drug dealers as part of the gang's activities, and that in some of those robberies cocaine was taken which he and other gang members later agreed to sell.  (Plea Tr. ECF 34-50).  In response to the Court's questions, Guerrero confirmed that the plea agreement accurately described his involvement in the various racketeering acts set forth in the agreement, all of which were part of the gang's racketeering activity, including that he aided and abetted the attempted assault and menacing of Mr. Folsom in Greenacres, Florida, on May 26, 2014, during the course of which Folsom was shot and killed.  (Plea Tr. ECF 54-55).

On January 29, 2018, the Court sentenced Guerrero to an aggregate term of imprisonment of 264 months.  Specifically, the sentence imposed was 144 months' imprisonment on each of Counts One and Two, to run concurrently; and 120 months' imprisonment on Count Three, to run consecutively to the sentences imposed on Counts One and Two.  The judgment of conviction was entered on January 30, 2018.  No appeal was taken.

---

[1]  References herein to "Doc. #__" are references to documents filed in the Court's Electronic Case Filing ("ECF") system in case no. 19cv4130.  And references to "ECF __" are references to the page numbers automatically assigned by the ECF system.

Guerrero's initial Section 2255 petition was docketed on May 3, 2019, although the petition was signed on April 26, 2019.  Thus, the petition is deemed filed on April 26, 2019, pursuant to the so-called "prison mailbox rule."[2]  After the government filed its opposition, the Court granted Guerrero's request to file an amended petition in light of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019).  Guerrero filed his amended petition on March 16, 2020.

## DISCUSSION

I.   Davis Claim

A person is guilty of violating Section 924(c) if he uses or carries a firearm during and in relation to, or possesses a firearm in furtherance of, a "crime of violence" or a "drug trafficking crime."  18 U.S.C. § 924(c)(1)(A).   A "crime of violence" is defined as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements clause"), or that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause").  Id. § 924(c)(3)(A), (B).  A "drug trafficking crime" is defined as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)," id. § 924(c)(2), which includes 21 U.S.C. §§ 846 and 841(b)(1)(B) and (C).

---

[2]     The prison mailbox rule provides that a pro se prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing.  See Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001).  And courts in this Circuit generally assume that, absent evidence to the contrary, a prisoner's papers are delivered to prison officials for mailing on the date they are signed.  See Woodhouse v. Walsh, 2015 WL 3826587 at *1 n.3 (S.D.N.Y. June 19, 2015).  Here, Guerrero signed the 2255 motion on April 26, 2019, and declared under penalty of perjury that it was placed in the prison mailing system on that date.

Guerrero will be provided copies of all unpublished opinions cited in this decision.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

In <u>United States v. Davis</u>, the Supreme Court invalidated Section 924(c)'s residual clause, such that a racketeering conspiracy, as charged in Count One of the S11 Information, no longer qualifies as a "crime of violence."  139 S. Ct. at 2336.  However, the Supreme Court did not invalidate the "drug trafficking crime" predicate for a Section 924(c) conviction, which remains undisturbed by <u>Davis</u> or otherwise.  See <u>Smalls v. United States</u>, 2021 WL 2138611 at*3 (S.D.N.Y. May 25, 2021); <u>United States v. Rhodes</u>, 2020 WL 1814116 at *1 (S.D.N.Y. Apr. 4, 2020).

Count Three of the S11 Information explicitly alleged that Guerrero knowingly used and carried firearms during and in relation to a drug trafficking crime, namely the cocaine and marijuana distribution conspiracy charged in Count Two, and that in furtherance thereof, he possessed and aided and abetted the use, carrying and possession of firearms, which firearms were discharged.  And, as noted above, during his plea allocution, Guerrero acknowledged that, in his role as an enforcer for the gang, he fired guns in furtherance of the gang's objectives and specifically to facilitate its drug trafficking activities.  He also admitted that he agreed with others to participate in the gang's activities, that as part of those activities he participated in a number of robberies and shootings, that he agreed with others to distribute marijuana and more than 500 grams of cocaine, that guns were used to rob drug dealers as part of the gang's activities, and that in some of those robberies cocaine was taken which he and other gang members later agreed to sell.

Thus, Guerrero's Section 924(c) conviction is fully supported by his possession and use of a firearm in furtherance of a drug trafficking crime.  See <u>In re Navarro</u>, 931 F.3d 1298, 1302 (11th Cir. 2019) (Section 924(c) conviction valid if predicated on drug conspiracy); <u>United States v. Vasquez</u>, 672 F. App'x 56, 61 (2d Cir. 2016) (summary order) (Section 924(c) conviction

valid if supported by a drug trafficking crime, even if not supported by a crime of violence);

Williams v. United States, 2020 WL 6683075 (S.D.N.Y. Nov. 12, 2020) (same); Delva v. United

States, 2020 WL 2214801 (S.D.N.Y. May 7, 2020) (same).

In short, because there is a valid predicate for Guerrero's Section 924(c) conviction,

Davis does not apply and Guerrero's conviction under Section 924(c) stands.

II.     Ineffective Assistance of Counsel Claim

    A.     Statute of Limitations

Guerrero's ineffective assistance of counsel claim is barred by the one year statute of

limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

which provides that a Section 2255 motion must be filed no later than one year after "the date on

which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), or "the date on which

the right asserted was initially recognized by the Supreme Court," if that right applies

retroactively.  28 U.S.C. § 2255(f)(3).

Here, the judgment of conviction was entered on January 30, 2018.  No appeal was taken.

Thus, the judgment became final fourteen days after the entry of judgment—February 13,

2018—the date on which the time for filing a direct appeal expired pursuant to Fed. R. App. P.

4(b).  See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005).

The Davis claim discussed above is timely because, as the government acknowledges, the

right asserted was initially recognized by the Supreme Court in Davis on June 24, 2019, the

Davis decision applies retroactively, and Guerrero filed his amended petition less than one year

later on March 16, 2020.  By contrast, the ineffective assistance of counsel claim—which asserts

a right long recognized by the Supreme Court—is untimely because the initial petition was

deemed filed on April 26, 2019, which is more than one year after the judgment of conviction became final on February 13, 2018.

It should be noted that AEDPA's one-year statute of limitations operates on a claim-by-claim basis.  See Davis v. United States, 817 F.3d 319, 326-28 (7th Cir. 2016); Zack v. Tucker, 704 F.3d 917, 926 (11th Cir. 2013).  Thus, while the Davis claim is timely, the ineffective assistance of counsel claim is not.

B.    Strickland Standard

Even if timely, Guerrero's ineffective assistance of counsel claim is without merit.

To prevail under the familiar standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), Guerrero must (i) demonstrate that his attorney's performance fell below an "objective standard of reasonableness," meaning it amounted to incompetence under "prevailing professional norms," id. at 688, 690, and (ii) affirmatively prove actual prejudice, meaning "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, not merely that an error "had some conceivable effect on the outcome."  Id. at 693.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.

Moreover, "[j]udicial scrutiny of counsel's performance must be highly deferential," and the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  Indeed, this Court will not second-guess strategic or tactical decisions made by counsel.  This is because there are many ways to provide effective assistance in a given case.  "Rare are the situations in which the 'wide latitude counsel must have in making tactical decisions' will be limited to any one technique or approach."

7

Harrington v. Richter, 562 U.S. 86, 106 (2011) (quoting Strickland v. Washington, 466 U.S. at 689).

      C.      Alleged Failure to File an Appeal

Guerrero claims that after he was sentenced, he directed his attorney, Andrew G. Patel, Esq., to file a notice of appeal on his behalf, and that Mr. Patel failed to do so.  When a criminal defendant's attorney fails to file an appeal after his client tells him to do so, the defendant is entitled to a new appeal notwithstanding that the defendant has not shown any likelihood of success on appeal and has waived his right to appeal and collaterally attack his conviction. Campusano v. United States, 442 F.3d 770, 775 (2d Cir. 2006).  Importantly, however, a petitioner must first demonstrate he actually instructed his attorney to appeal.  Lopez v. United States, 2006 WL 2020389, at *3 (S.D.N.Y. July 12, 2006).

For the following reasons, this Court finds that Guerrero has failed to show he actually requested Mr. Patel to file an appeal.  This claim is therefore denied.

"When an attorney's affidavit credibly contradicts a habeas petitioner's ineffective assistance of counsel claim, the Court is entitled to deny the petition without holding an evidentiary hearing."  Berrios v. United States, 2009 WL 2226757, at *3 (E.D.N.Y. July 23, 2009) (citations omitted).  Here, Mr. Patel—an experienced and highly-respected criminal defense attorney well-known to this Court for his professionalism, zealous advocacy, and ethical conduct—submitted a declaration in which he states under penalty of perjury that Guerrero never requested that he file a notice of appeal, and that "[h]ad I received such a request, I would have filed the Notice of Appeal."  (Doc. #20-2, at ¶ 10).  The Court credits Mr. Patel's statement in this regard.

Moreover, Guerrero's assertions on this point are inconsistent and otherwise not credible. In his initial petition, Guerrero states that after he told Mr. Patel he wanted to file an appeal, Mr. Patel said "he would see him to discuss the strategy of filing an appeal," but that he "never came back to [Guerrero's] prison and ignored his calls."  (Doc. #1 at ECF 24).  In his amended petition, Guerrero now states that Mr. Patel did visit him on a later date and said the appeal paperwork "was in process."  (Doc. #16 at ECF 25).  Mr. Patel asserts that he did not visit Guerrero after the sentencing, and that although he did mail Guerrero the sentencing transcript and the judgment of conviction, he did not receive any letter or phone call in which Guerrero asked him to file a notice of appeal.

Guerrero also says little about the grounds on which he wished to appeal, except that he "could have" appealed the issue of what constitutes a "crime of violence" under Section 924(c). But, as discussed above, such an appeal would have been futile since Guerrero's Section 924(c) conviction is valid based on the "drug trafficking crime" predicate.  In addition, in his plea agreement, Guerrero waived his right to appeal any sentence at or below the stipulated sentencing range of 355 to 413 months' imprisonment (Doc. #20-3 ("Plea Agreement") at 9); thus, any appeal of his 264-month sentence would have been foreclosed by the plea agreement.

Most importantly, Mr. Patel's credible assertion that Guerrero did not ask him to file a notice of appeal is corroborated by the fact that Guerrero did not complain about Mr. Patel's alleged failure to file an appeal until Guerrero filed the instant motion in April 2019—nearly fifteen months after he was sentenced and explicitly informed by the Court of his right to appeal. (Doc. #20-4 ("Sentencing Tr.") 26-27.  This lengthy delay supports the conclusion that Guerrero never actually requested that counsel file an appeal.  See Roberts v. United States, 2014 WL 4199691, at *5 (E.D.N.Y. Aug. 22, 2014) (dismissing claim that attorney failed to file appeal

after being requested to do so when petitioner waited thirteen months to raise the issue); Colon v. United States, 2010 WL 1644260, at *6 (S.D.N.Y. Apr. 21, 2010) (dismissing same claim after petitioner waited eleven months to file petition).  Likewise, despite the fact that at sentencing the Court specifically advised Guerrero that a notice of appeal had to be filed within fourteen days after the entry of judgment and that, at Guerrero's request, the clerk of court would immediately prepare and file a notice of appeal on his behalf, Guerrero never made any efforts in that regard, and, indeed, did not raise the issue of his desire to file an appeal until nearly fifteen months later.

Under these circumstances, there is no reason to hold any further hearing to determine whether Guerrero in fact instructed Mr. Patel to file an appeal.  In light of this Court's intimate familiarity with the underlying criminal proceedings, the futility of any appeal, Guerrero's delay in filing the instant motion, and the fact that Guerrero's "highly self-serving and improbable assertions" are contradicted by Mr. Patel's credible declaration and the record of the sentencing proceeding, no purpose would be served by expanding the record.  Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001); see Raysor v. United States, 647 F.3d 491, 494 (2d Cir. 2011).

> D.    Purportedly Erroneous Advice to Plead Guilty to an Offense with Which Guerrero Was Not Charged

Guerrero's claim that his attorney was constitutionally ineffective for advising him to plead guilty to an offense—racketeering conspiracy—with which he was not charged (Doc. #16 at ECF 32-38) is nonsense.

In fact, Count One of the S11 Information charges that Guerrero conspired to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d).  It specifically alleges that Guerrero and others were members of a criminal organization ("Cruddy 650") that engaged in numerous criminal activities, including narcotics trafficking, murder, robberies, and witness tampering for various purposes, including protecting the power, territory, and profits of Cruddy

650; that Guerrero and others in Cruddy 650 "conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States," specifically 18 U.S.C. § 1962(c), "that is, to conduct and participate . . . in the conduct of the affairs of the Cruddy 650 enterprise . . . through a pattern of racketeering activity" (S11 Information, ¶ 7); and that Guerrero "agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise." (S11 Information, ¶ 8).

Likewise, Guerrero's plea agreement makes specific reference to the fact that he is charged in Count One of the S11 Information with, and is agreeing to plead guilty to, racketeering conspiracy, in violation of Section 1962(d). (Plea Agreement at 1). And during his guilty plea proceeding, Guerrero acknowledged that he was charged in Count One with conspiring to participate in the affairs of a racketeering enterprise, and that if he did not plead guilty to that count, the government would have to prove all the elements of that charge beyond a reasonable doubt at trial. (Doc. #20-1 ("Plea Tr.") 13-15). Finally, Guerrero allocuted as follows: "In and about 2014, in the area of Yonkers, New York and Florida, I agreed with others to participate in activities of the group that called itself the Cruddy 650. As part of my activities with the group, I participated in a number of robberies and shootings." (Plea Tr. 34).

Because Guerrero was indeed charged with racketeering conspiracy in Count One, Mr. Patel's advice to plead guilty to that count was objectively reasonable, and thus not constitutionally ineffective.

E.     Purported Ineffectiveness for Allowing Guerrero to Plead Guilty to a Drug Trafficking Predicate for Which There Was an Insufficient Factual Basis

Guerrero's claim that his attorney was constitutionally ineffective for allowing him to plead guilty to the drug trafficking predicate set forth in the Section 924(c) firearms count

because there was an insufficient factual basis for that predicate offense (Doc. #16 at ECF 38-40) is likewise nonsense.

Guerrero's guilty plea to the Section 924(c) count—which charged him with using, carrying, and possessing firearms in furtherance of both the racketeering conspiracy and the narcotics conspiracy, which firearms were discharged—was amply supported by the factual record developed during the guilty plea proceeding. Specifically, as set forth above, Guerrero acknowledged the accuracy of the government's proffer that, if the case went to trial, it would prove among other things that Guerrero and other members of Cruddy 650 trafficked in cocaine and marijuana. And Guerrero further admitted that as part of the gang's activities in which he participated, he agreed with others to distribute marijuana and more than 500 grams of cocaine, that guns were used to rob drug dealers in which cocaine was taken, and that he and other gang members later agreed to sell the stolen cocaine.

In short, there was a sufficient factual basis for the drug trafficking predicate in the Section 924(c) count, and the efforts of the Court and counsel to ensure that a sufficient factual record was made conclusively refutes any suggestion that Guerrero's attorney somehow acted in an objectively unreasonable manner. Guerrero's able and experienced attorney was not constitutionally ineffective in this regard.

F.    Purported Failure to Move to Dismiss the Firearms Count as Duplicitous

Guerrero claims that Count Three of the S11 Information was duplicitous because it included a drug trafficking predicate in addition to the crime of violence predicate, and that his attorney was therefore constitutionally ineffective for failing to move to dismiss that count. (Doc. #16 at ECF 40-42). This claim is frivolous, and is therefore denied.

The Section 924(c) charge did not join two crimes in the same count.  It did allege two different predicate offenses for the single Section 924(c) charge, in that it charged Guerrero with using, carrying, and possessing firearms in furtherance of both the racketeering conspiracy and the drug conspiracy.  That does not make it duplicitous.  See Dewar v. United States, 2020 WL 1673791, at *6 (S.D.N.Y. Apr. 4, 2020).  And, unlike in cases in which it is not possible to determine based on a general verdict after trial whether a Section 924(c) conviction was based on a drug trafficking crime or a crime of violence, in this case there is no doubt about the basis for Guerrero's conviction on the Section 924(c) count—he admitted that the firearms were used in connection with both the racketeering conspiracy and the drug conspiracy.  And, as noted above, since Guerrero's Section 924(c) conviction is fully supported by his possession and use of a firearm in furtherance of a drug trafficking crime, that conviction stands.

Accordingly, defense counsel was not constitutionally ineffective for failing to move to dismiss the firearms count.

G.     Purported Ineffectiveness for Allowing Guerrero to be Sentenced Based in Part on His Role in a Murder He Did Not Commit

Guerrero claims that his attorney was constitutionally ineffective for failing to challenge a provision in his plea agreement pursuant to which Guerrero agreed to be held responsible for sentencing purposes for his role in the murder of Andre Folsom, and thereby allowing Guerrero to be sentenced based on a murder he did not commit.  (Doc. #16 at ECF 43-45).

Guerrero seems to argue that the Folsom murder was "acquitted" or "uncharged" conduct.  It was not.  It was part of the offense of conviction—the racketeering conspiracy to which he pleaded guilty.  In fact, the plea agreement specifically defined the Folsom murder as conduct undertaken in the course of the conspiracy.  (Plea Agreement at 3).  Indeed, during the guilty plea proceeding, Guerrero confirmed that (i) he had read the plea agreement, discussed it

with his attorney, and understood the plea agreement at the time he signed it; (ii) the plea agreement accurately described his involvement in all of the racketeering activity described in the plea agreement, all of which was part of the gang's racketeering activity, including that he aided and abetted the attempted assault and menacing of Andre Folsom in Greenacres, Florida, on May 26, 2014, during the course of which Folsom was shot and killed; and (iii) he understood he was being held responsible for all of that activity and that that activity could be considered by the Court in imposing sentence.  (Plea Tr. 26-27, 35-36, 53-54).  Moreover, in his sworn declaration, Mr. Patel states he discussed at length with Guerrero the nature of the allegations against him and the fact that he would be held responsible at sentencing for all of the conduct described in the agreement, including for his role in the Folsom murder.  (Doc. #20-2).  Mr. Patel's statements in this regard are not refuted by Guerrero, and the Court finds them to be credible.

Given that Guerrero's role in the Folsom murder was in the plea agreement because it was part of Cruddy 650's racketeering activity, it was entirely appropriate for the Court to consider it in imposing sentence.  Therefore, Guerrero's attorney cannot be deemed ineffective for failing to challenge its inclusion in the plea agreement or failing to challenge the Court's consideration of Guerrero's role in the Folsom murder at sentencing for the racketeering conspiracy to which Guerrero pleaded guilty.

H.      Failure to Request that Sentence Be Imposed Pursuant to Dean v. United States

In his reply to the government's opposition, Guerrero raises a new argument not previously raised in either his initial petition or amended petition, namely that his attorney was constitutionally ineffective for failing to request that the sentence be imposed pursuant to Dean v. United States, 137 S. Ct. 1170 (2017).  This claim is denied as plainly frivolous.

In <u>Dean</u>, the Supreme Court held that nothing in Section 924(c) prevents the sentencing court from considering the mandatory minimum sentence imposed under that statute when determining an appropriate sentence for the underlying predicate offense.  137 S. Ct. at 1178. Moreover, the mandatory minimum sentence required by Section 924(c) is one of the factors to consider in determining the aggregate prison term comprising separate sentences for multiple counts of conviction.  <u>Id.</u> at 1176.  <u>See</u> 18 U.S.C. §§ 3553(a), 3582(a).

The sentence imposed in this case was entirely consistent with <u>Dean</u>.  First, the Court calculated the sentencing range under the Sentencing Guidelines for the racketeering conspiracy and narcotics conspiracy counts (Counts One and Two, respectively) as 235 to 293 months' imprisonment.  Next, because the ten-year mandatory minimum sentence required by Section 924(c) as to Count Three had to run consecutively to any other sentence imposed, the Court determined that the applicable sentencing range was 355 to 413 months' imprisonment.[3] (Sentencing Tr. 4-5, 8).  Finally, after hearing from counsel and from Guerrero, and after carefully considering all of the Section 3553(a) factors, the Court determined that a prison sentence of 264 months' imprisonment, which constituted a substantial downward variance from the applicable sentencing range, was sufficient but not greater than necessary to comply with the purposes of sentencing set forth in that statute.  Consistent with that determination, and to achieve an aggregate total sentence of 264 months' imprisonment, the Court imposed 144 months' imprisonment on Counts One and Two, to run concurrently with each other, and 120 months' imprisonment on Count Three, to run consecutively to the sentences imposed on Counts One and Two.  (Sentencing Tr. 17-22).

---

[3]     Because the narcotics conspiracy count carried a mandatory minimum sentence of five years' imprisonment, <u>see</u> 21 U.S.C. § 841(b)(1)(B), the mandatory minimum sentence here was fifteen years' imprisonment (180 months).

In short, because the procedure followed at sentencing complied in all respects with

<u>Dean</u>, Guerrero's attorney could not have been constitutionally ineffective for failing specifically

to request that the sentence be imposed pursuant to <u>Dean</u>.

## CONCLUSION

Petitioner Saudy Guerrero's motion under 28 U.S.C. § 2255 is DENIED and the petition

is DISMISSED.

As petitioner has not made a "substantial showing of the denial of a constitutional right,"

a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order

would not be taken in good faith, and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is denied for the purpose

of an appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

The Clerk is instructed to close this case.

Chambers will mail a copy of this opinion to petitioner at the following address:

Saudy Guerrero, Reg. No. 62424-018
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV  26351

Dated: July 26, 2021
White Plains, NY                          SO ORDERED:

Vincent L. Briccetti
United States District Judge